Juan CEJA–CERVANTES, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–70147, A92–372–995.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2004.**

Decided April 13, 2005.

Jan Joseph Bejar, Esq., San Diego, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, District Director, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, TASHIMA, and PAEZ, Circuit Judges.

## MEMORANDUM ***

Juan Ceja–Cervantes, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' decision denying his application for cancellation of removal. Ceja's application was initially rejected by an Immigration Judge on the ground that he had not established that his removal would constitute an "exceptional and extremely unusual hardship," as required by 8 U.S.C. § 1229b(b)(1)(D). On appeal, the BIA affirmed the IJ's decision, agreeing with the IJ that Ceja did not satisfy the hardship requirement. The BIA also ruled that Ceja did not meet the 10–year continuous-physical-presence requirement under 8 U.S.C.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1229b(b)(1)(A). Ceja contends that the BIA erred in both of these findings. Because we lack jurisdiction to review Ceja's challenge to the hardship standard, we dismiss his petition.[1]

We lack jurisdiction to review the BIA's discretionary decisions regarding cancellation of removal, including its hardship determinations. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 891–92 (9th Cir.2003). Ceja attempts to avoid this bar by framing his challenge to the BIA's hardship determination in constitutional terms. *See Ramirez–Perez v. Ashcroft*, 336 F.3d 1001, 1004 (9th Cir.2003) ("We retain jurisdiction to review constitutional claims, even when those claims address a discretionary decision.").

Ceja has not raised a colorable constitutional challenge to the BIA's application of the hardship standard. His first challenge, that the BIA misapplied its case law when it made its hardship determination, is nothing more than an abuse of discretion argument. *See Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001) ("[A] petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."); *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (holding, under the IIRIRA transitional rules, that "[w]e lack jurisdiction over Sanchez–Cruz's allegation that the BIA's misapplication of relevant case law denied her due process of law").

Ceja's second argument, that the BIA's interpretation of the hardship standard is so severe in this case as to violate due process, is also unpersuasive. *See Ramirez–Perez*, 336 F.3d at 1006–07 ("[The BIA's] interpretation of the hardship standard comports with the statutory language and congressional intent. It does not violate due process.").

We therefore lack jurisdiction over Ceja's challenge to the BIA's hardship determination.[2] Accordingly, the petition for review is DISMISSED.

---

1. We reject the government's argument that Ceja's petition was untimely filed because it was improperly served. To the contrary, Ceja was not required to serve the government at all. *See* Fed. R.App. P. 15(c) (placing obligation to serve the petition for review on each respondent on the circuit clerk).

2. Because we lack jurisdiction, we do not reach Ceja's challenge to the BIA's finding that he did not satisfy the 10–year continuous-physical-presence requirement.

